UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LEE M. DETAR**,<br><br>                    Plaintiff,<br><br>          v.<br><br>**UNITED STATES GOVERNMENT, et al.**,<br><br>                    Defendants. | Civil Action No. 15-cv-1209 (TSC) |

## MEMORANDUM OPINION

Plaintiff, who is proceeding *pro se*, filed suit against five named governmental entities: (1) the United States Government; (2) the Department of Defense; (3) the Defense Intelligence Agency; (4) the Central Intelligence Agency; and (5) the Federal Emergency Management Agency ("FEMA") (collectively, "Defendants").[1] Plaintiff also names "John Doe" defendants in his Complaint. Before the court are two motions: (1) Defendants' Motion to Dismiss (ECF No. 6); and (2) Plaintiff's "Motion for Temporary Restraint [sic]." (ECF No. 3). For the reasons explained below, the court will GRANT Defendants' motion to dismiss the Complaint and DENY Plaintiff's motion.

### A. BACKGROUND

The Complaint contains a rambling and often fantastical discussion of alleged misconduct by Defendants. More specifically, Plaintiff alleges, *inter alia*, that Defendants:

1.      Apparently implanted an electrical device in his body;

---

[1] Although Plaintiff identifies FEMA incorrectly in the caption of the case as "Federal Management Agency," he correctly identifies the agency in the body of the Complaint as the "Federal Emergency Management Agency." (*See* Compl. ¶ 8).

2. Attempted to endanger him and others by: (i) causing "unneeded sounding of horns and other vehicular noises such as car alarms"; (ii) provoking and manipulating him into reacting negatively by the use of such noises; (iii) interfering with radio broadcasts;

3. Defamed him by asserting he was "sexually promiscuous," "homosexual, bisexual, a gender confused individual, a rapist, a racist, a pedophile, a Christian zealot, a criminal, and other pejoratives"; deceived Plaintiff's family and friends into believing his natural drive to procreate is a disease;

4. Conspired with his wife and others to "frame [ ] him as mentally ill" for the purpose of covering up Defendants' crimes against Plaintiff ; conspired with his wife to "attack plaintiff's gender" by means of sexual assaults and persistent "gender insults"; conspired with his wife to abuse his children by training them to commit crimes and by sleep depriving his two year old daughter;

5. Conspired with another woman and Plaintiff's father to destroy Plaintiff's marriage and sabotage his attempts to gain custody of his children; conspired with his wife to sabotage his custody efforts after he purportedly attempted to report Defendants' child exploitation ring to the Department of Homeland Security; broke into his home and stole evidence relating to his custody dispute;

6. "Targeted" Plaintiff's children because Defendants believed they were "genetically interesting"; used his children to "commit criminal acts, training them like dogs to partake in scenes intended to harm the emotional well-being of Plaintiff";

7. Attempted to "frame" him as violent; physically attacked him, and stole from him;

8. Obstructed his ability to secure legal assistance and somehow interfered with his access to law enforcement protection and emergency services;

9. Intercepted his email communications in an effort to thwart him from reporting child exploitation to a federal agency, harassed him by tampering with his communications on various websites, including dating websites and Craigslist, and then sent him fabricated emails from fictitious persons; hacked into Plaintiff's smart phones and internet in an effort to connect Plaintiff with extremist groups and reduce his productivity;

10. Attempted to plant drug paraphernalia on Plaintiff ;

11. "[T]ampered with Plaintiff(s) [sic] employment environment creating a hostile environment intimidating the Plaintiff into silence" at various employers;

12. Somehow violated Plaintiff's right to privacy and became involved in securing a false and misleading mental health diagnosis of the Plaintiff;

13. Used an illegal wiretap in an effort to steal private information;

14.    Engaged in malicious prosecution when he was charged with simple assault; and

15.    Provided him with alcoholic beverages and "coerced" him into driving, resulting in an automobile accident and driving under the influence charge.

(Compl. ¶¶ 11–12, 17–19, 21, 27, 33, 39–40, 42, 45–46, 48–49, 51–52, 56–57, 61–62, 64, 66–67, 69–71, 74, 77, 82–85, 87; *see* ECF No. 3, Plaintiff's Mot. at ECF pp. 3, 7, 8). According to Plaintiff, Defendants engaged in this alleged misconduct after he witnessed and apparently reported "corruption by the Federal Emergency Management Agency in 2003 and 2004 to present." (Compl. ¶ 10).

As a result of these perceived wrongs, Plaintiff contends that he suffered years of emotional anguish, his career was destroyed, his family, social life and reputation were destroyed, his children's future was ruined, and he was defrauded of all his income and assets. (*Id*. ¶ 15). He alleges that his constitutional rights were violated, purportedly pursuant to 42 U.S.C. Section 1983, and he demands relief in the form of damages and preliminary injunctions. (*Id*. at p. 15).

The governmental entity Defendants filed a motion to dismiss the entire complaint. On October 18, 2015, the court entered an order advising Plaintiff: (1) of his obligation to respond to the Defendants' motion by November 28, 2015; and (2) that if he failed to respond to the motion in a timely fashion, the court might treat the motion as conceded. (ECF No. 7); *see* Local Civil Rule 7(b). The Plaintiff has not responded.

**B. ANALYSIS**

1. <u>Federal Tort Claims Act</u>

   a. *Exhaustion of Administrative Remedies*

Defendant agencies argue that Plaintiff's common law tort claims against the federal entities for damages are not actionable. The agencies point out that such claims are only

cognizable to the extent the federal government has waived its sovereign immunity, which it has done for some claims through the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2671, 2675. In order to pursue claims under the FTCA, however, a plaintiff must first exhaust his administrative remedies, and this exhaustion requirement is jurisdictional. *See* 28 U.S.C. § 2675(a); *Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction").

The Defendant agencies have no evidence that Plaintiff made the requisite administrative filings. (*See* ECF No. 6, Defs. Exs. A–C). Accordingly, they argue that Plaintiff's FTCA claims should be dismissed. In the absence of a response by the Plaintiff, the court hereby treats this argument as conceded.

### b. *Claims prohibited under the FTCA*

The Defendant agencies correctly argue that claims for libel, slander, misrepresentation, deceit and interference with contract rights, are not actionable under the FTCA. 28 U.S.C. § 2680(h). Accordingly, the Defendant agencies move to dismiss Plaintiff's claims for defamation.

As noted above, Plaintiff has not filed a response to the Defendant agencies' motion to dismiss. Therefore, the court will treat this argument as conceded. Additionally, the court notes that Plaintiff has also asserted claims for interference with contract rights, deceit, and misrepresentation, none of which are actionable under the cited provision.

Accordingly, all of Plaintiff's common law tort based claims against the Defendant agencies will be dismissed.

2. Constitutional Claims

   a. *Agency Defendants*

   The United States of America may be sued only insofar as it consents to suit. In all other cases, the federal government enjoys sovereign immunity from suit. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). The United States of America has not consented to suit for constitutional violations, and therefore, this Court does not have subject matter jurisdiction to entertain a suit for constitutional violations against the [Defendant agency] or any [individual] defendant named in his or her official capacity."

*Davis v. Mukasey*, 669 F. Supp. 2d 45, 49 (D.D.C. 2009).  Applying these principles, this court will also dismiss Plaintiff's constitutional claims against the Defendant agencies because they are not actionable.

   b. *John Doe Defendants*

To the extent Plaintiff seeks to pursue constitutional claims against unnamed individual defendants in their individual capacities, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the court will also dismiss those claims for two reasons.  First, dismissal is warranted because many of Plaintiff's claims "describe[e] fantastic or delusional scenarios."  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (discussing the district court's authority to dismiss claims *sua sponte* and finding that federal courts have authority to dismiss claims "whose factual contentions are clearly baseless").

This Circuit has held that a "complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Hagans v. Levine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous . .

. .") (internal quotations omitted). Patently insubstantial claims include those that are "flimsier than doubtful . . . essentially fictitious," *Tooley*, 586 F.3d at 1009, as well as claims that "advance bizarre conspiracy theories, fantastic government manipulation of one's will or mind or some type of supernatural intervention." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 79 (D.D.C. 2010) (internal quotations and alterations omitted) (quoting *Best*, 39 F.3d at 329 330–31).

Many of Plaintiff's claims represent the type of "bizarre conspiracy theories," "frivolous," and "essentially fictitious" claims that are patently insubstantial and present no federal question suitable for decision. *See Wightman-Cervantes*, 750 F. Supp. 2d at 79–80; *see also Tooley*, 586 F.3d at 1009–10 (upholding dismissal of claims where plaintiff alleged that after he spoke with an airline reservations agent about travel and airline security, the government: (1) placed wiretaps on plaintiff's telephone, his family members' telephones, and the telephone at a past residence; (2) placed monitoring devices on his and his wife's cars; and (3) subjected him to "detention and strict searches" every time he traveled); *Curran v. Holder*, 626 F. Supp. 2d 30, 33–34 (D.D.C. 2009) (plaintiff claimed he was subjected to a government campaign of surveillance and harassment, the origins of which were unclear) (cited with approval in *Tooley*, 586 F.3d at 1010); *Lewis v. Bayh*, 577 F. Supp. 2d 47, 54–55 (D.D.C. 2008) (plaintiff claimed that a U.S. Senator orchestrated a program of hacking into plaintiff's personal computer, monitoring his phone calls, causing a power outage affecting half of Los Angeles, and tracking plaintiff by helicopter) (cited with approval in *Tooley*, 586 F.3d at 1010).

Lastly, the court will dismiss Plaintiff's claims because his Complaint fails to meet the requirements of Federal Rule of Civil Procedure 8. While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that complaints contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This minimum standard ensures that defendants receive fair notice of the claim being asserted so they may prepare a responsive answer, prepare an adequate defense and assess whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

In this case, Plaintiff has failed to present facts sufficient to "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Many of the claims contain conclusory allegations, without any attendant facts. Plaintiff also fails to indicate which agency he believes is responsible for specific instances of misconduct and why that particular agency might have targeted him. Even though some of the John Doe defendants allegedly interacted with Plaintiff's family, friends and co-workers, Plaintiff fails to identify any of the John Doe defendants by name or description. Moreover, in some instances, Plaintiff does not provide any indication about where the challenged conduct allegedly occurred.[2] Thus, both the Defendants and this court are left with pertinent questions that need to be answered before this case can proceed. For example, with respect to Plaintiff's claims that Defendants "tampered" with his employment, (Compl. ¶ 55), what was that nature of the alleged "tampering"? Which agency engaged in the tampering? How did the government conspire with

---

[2] The court notes that venue in this district may not be appropriate with respect to some of Plaintiff's claims.

Plaintiff's prior attorney? (*See Id.* ¶ 37). What were the circumstances surrounding the government's alleged thefts from Plaintiff, as well as the alleged assaults on Plaintiff, the malicious prosecution, and the invasion of his privacy rights? (*See id.* ¶¶ 61, 71 76, 83, 87).

Though facts of a complaint need not be detailed, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Cheeks v. Fort Myer Construction Corp.*, 71 F. Supp. 3d 163, 168 (D.D.C. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, Plaintiff must plead sufficient factual content so as to provide Defendants with "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* is applicable." *See Brown*, 75 F.R.D. at 498 (citation omitted). In the present case, Plaintiff has not set forth sufficient facts to meet this Rule 8 pleading requirement.[3]

## C. CONCLUSION

For the reasons explained above, the court will dismiss Plaintiff's action in its entirety.

Date: March 31, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] The court notes that some of Plaintiff's claims appear to be barred by *res judicata*. *Detar v. U.S. Government*, No. 13-cv-1499 (MRH), 2014 WL 517715 (W.D. Pa. Feb. 7, 2014).